```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE JAIRO GARCIA-GIRALDO,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

07 Civ. 9861 (JGK)
02 Cr. 706 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The Court has received the petitioner's motion to amend his petition. Because the respondent has yet to file an answer to the petition, the petitioner may amend his petition once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). See, e.g., Warren v. Woods, No. 05 Civ. 8438(CM), 2007 WL 2454114, at *2 (S.D.N.Y. Aug. 24, 2007). The petitioner's motion is therefore **granted**.

    The respondent is directed to file its opposition to the amended petition by **July 11, 2008**. The petitioner should submit a reply, if any, by **August 1, 2008**.

SO ORDERED.

Dated:    New York, New York
            June 10, 2008

                                        John G. Koeltl
                                   United States District Judge

**Westlaw.**

Slip Copy                                                                                                                    Page 1
Slip Copy, 2007 WL 2454114 (S.D.N.Y.)
**(Cite as: 2007 WL 2454114 (S.D.N.Y.))**

**H**
Warren v. Woods
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Vincent WARREN, Petitioner,
v.
R. WOODS, Respondent.
**No. 05 Civ. 8438(CM)(KNF).**

Aug. 24, 2007.

### MEMORANDUM AND ORDER

KEVIN NATHANIEL FOX, United States Magistrate Judge.
*1 Vincent Warren ("Warren") brings this petition pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree, following a jury trial in New York State Supreme Court, Bronx County. The petitioner has moved to amend his petition and to hold it in abeyance while he exhausts his state-court remedies with respect to two claims, which he would like to add to a future amended petition. For the reasons that follow, Warren's motion to amend his petition is granted but his application, that adjudication of the petition be stayed, is denied.

### BACKGROUND

On September 26, 2005, Warren petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court's review of the petition filed with the Clerk of Court revealed that page five of the petition was not filed. Therefore, the Court ordered the petitioner to file an amended petition, on or before November 22, 2005, including the missing page five. The petitioner filed his amended petition on November 21, 2005 ("First Amended Petition"). Thereafter, the Court issued an order directing the Clerk of Court to serve a copy of the petition on the District Attorney for Bronx County and directing the respondent to serve and file an answer or other pleading, on or before February 7, 2006.

On or about January 11, 2006, the petitioner filed a second amended petition ("Second Amended Petition"). On January 17, 2006, the petitioner filed a motion requesting that he be allowed to "withdraw [his] entire petition to permit time for the state court to rule on [his] pending writ of error coram nobis" or "in the alternative, an order granting petitioner leave to supplement his petition," following the state court's decision on his writ of error coram nobis. On January 18, 2006, the petitioner withdrew his Second Amended Petition.

On January 23, 2006, the plaintiff filed a motion to amend his petition accompanied by the proposed amended pleading (hereinafter "Third Amended Petition"), and to have the court consider that petition in determining whether he is entitled to habeas corpus relief. On February 2, 2006, the Court issued an order directing the respondent to respond to the petitioner's motion to amend, on or before March 20, 2006. In that same order, the Court notified the parties that the petitioner's motion to amend would be addressed by the Court before the Court would require the respondent to file and serve his answer.

On March 20, 2006, the respondent submitted his opposition to the petitioner's motion to amend. The petitioner submitted a reply on April 16, 2006. The petitioner's motion to amend his petition is the subject of the instant writing.

### DISCUSSION

*January 23, 2006 Motion to Amend the Petition*

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2454114 (S.D.N.Y.)
(Cite as: 2007 WL 2454114 (S.D.N.Y.))

Page 2

motion to amend a habeas corpus petition. *See Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir.2001). Pursuant to Fed.R.Civ.P. 15(a)

*2 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

In the instant case, the Court directed the plaintiff to "amend" his original petition because the petition was missing a page. Therefore, although the Court's refers to this amended petition as petitioner's "First Amended Petition," the Court does not consider this amendment to be a Fed.R.Civ.P. 15(a) amendment. Moreover, since the petitioner withdrew his Second Amended Petition, filed on January 11, 2006, the Court is left with the petitioner's Third Amended Petition, dated January 23, 2006.

When the petitioner moved to amend his petition, on January 23, 2006, the respondent had not yet filed an answer to the petition. Therefore, pursuant to Fed.R.Civ.P. 15(a), the petitioner was free to **amend** his **petition** as a matter of **course**.[FN1]

> FN1. To the extent the respondent claims that the Third Amended Petition contains unexhausted claims, namely the petitioner's claim of ineffective assistance of counsel, based on his trial counsel's failure to object to (1) the prosecution's use of crime-scene photographs; and (2) Detective Vincent Price's testimony regarding anonymous telephone tips, the Court finds that these claims are exhausted since they were raised on direct appeal. *See Pro Se* Supplemental Brief to the New York State Supreme Court, Appellate Division, First Department, Exhibit 3 to Respondent's Affidavit in Opposition. The Appellate Division found these claims, among other claims raised in the petitioner's *Pro Se* Supplemental Brief, to be "unpreserved." However, the court found that, were it to review the claims in the petitioner's brief, "[the court] would reject them." *People v. Warren,* 2 A.D.3d 186, 187, 768 N.Y.S.2d 465, 466 (App. Div. 1st Dep't 2003).

In addition to requesting permission to amend his petition and to have the court consider it, the petitioner requested that the Court allow him to file a "supplemental petition," in the future, to add: (1) "another exhausted claim currently before the [New York State] Appellate [Division];" and (2) a claim "before the Bronx County Court in regards to newly discovered evidence of Sholey Juah's false information cases."*See* Petitioner's Affirmation in Support of Third Amended Petition, at 6. The Court has determined to treat the petitioner's request as an application to stay the adjudication of the petition, pending the outcome of the state-court proceedings, and will analyze it accordingly.

A district court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust previously unexhausted claim(s) only if: (a) "the petitioner had good cause for his failure to exhaust [;]" (b) "his unexhausted claims are potentially meritorious[;]" and (c) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."*Rhines v. Weber,* 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005).

In the case at bar, the petitioner has not demonstrated good cause exists for his failure to exhaust his unexhausted claims prior to making an application for the instant writ. In addition, he has not identified his unexhausted claims with specificity, so as to permit the Court to determine whether

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

those claims are potentially meritorious. Furthermore, although it does not appear that the petitioner has engaged in intentionally dilatory litigation tactics, this factor, when considered with the others, does not militate in favor of staying the adjudication of the petition. Therefore, the Court finds that adjudication of the petition should not be stayed pending the outcome of the pending state-court proceedings.

*September 16, 2006 Motion to Amend/Supplement the Petition*

\*3 While the instant motion was pending before the Court, the petitioner filed a motion requesting leave to supplement his Third Amended Petition, pursuant to Fed.R.Civ.P. 15(d).[FN2] The Court has reviewed Warren's proposed "Supplemental Petition." It appears to be an amended petition, as opposed to a petition that has been supplemented, as contemplated by Fed.R.Civ.P. 15(d), since the "Supplemental Petition" does not appear to reference "transactions or occurrences or events which have happened since the date" the petitioner filed his petition. *Cf.*Fed.R.Civ.P. 15(a).

> FN2.Rule 15(d) of the Federal Rules of Civil Procedure provides
>
>> Upon motion of a party the court may ... permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

Fed.R.Civ.P. 15(a) informs that, in a circumstance where a party has amended its pleading once, as a matter of course, a party may only amend its pleading "by leave of the court or by written consent of the adverse party."Warren never sought nor received permission from the Court to amend his Third Amended Petition. Moreover, he does not contend the respondent has consented to his most recent petition amendment. Therefore, the petitioner's application, to "supplement" his Third Amended Petition, is denied.

## CONCLUSION

For the reasons set forth above, the petitioner's January 23, 2006 motion to amend his petition is granted. However, to the extent the petitioner has requested that the petition be held in abeyance, pending the outcome of state-court proceedings he has initiated, the request is denied. The petitioner's September 16, 2006 motion to amend his Third Amended Petition (Docket Entry No. 16) is also denied.

SO ORDERED.

S.D.N.Y.,2007.
Warren v. Woods
Slip Copy, 2007 WL 2454114 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.